# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TYRONE HAMPTON,<br><br>    Plaintiff,<br><br> v.<br><br>CAROL B. TOM'E, et al.,<br>JAMES COCKRELL, et al.,<br>LANE TUCKER, et al.,<br>JONATHAN WOODMEN, et al.,<br><br>    Defendants. | <br><br><br><br><br><br>Case No. 3:23-cv-00255-JMK<br>Case No. 3:24-cv-00090-JMK<br>Case No. 3:24-cv-00094-JMK<br>Case No. 3:24-cv-00095-JMK |

## NOTICE OF INTENT TO DISMISS

Pending before the Court are the four above-captioned civil actions filed by self-represented pretrial detainee Tyrone Hampton ("Plaintiff"). Plaintiff paid the filing fee in all four cases.[1] Upon the Court's review, these cases have overlapping allegations and similar deficiencies. Therefore, these actions will be screened collectively pursuant to 28 U.S.C. §§ 1915(e) and 1915A. The Court takes judicial notice[2] of Plaintiff's ongoing criminal prosecution in *U.S. v. Hampon,* Case

---

[1] Federal law requires prisoners to pay the full filing, regardless of the outcome of the action. 28 U.S.C. § 1915(b)(1)&(2).

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019). *See also* Fed. R. Evid. 201 (a court can take judicial notice of its own files and records).

No. 3:22-cr-00084-JMK-MMS-2, which is scheduled for a jury trial beginning on Monday, June 17, 2024.[3] The Court also takes judicial notice[4] of Plaintiff's related state court[5] and federal civil cases.[6]

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been paid.[7] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

---

[3] Case No. 3:22-cr-00084-JMK-MMS-2, Docket 407.

[4] *Id. See also Headwaters Inc. v. U.S. Forest Service,* 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted). The docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[5] Plaintiff identified "Alaska State Court Case 3PA-22-00694CR" in Case 94, Docket 1 at 3. However, a recent search of the publicly available state court docket records only returned a result for Case No. 3PA-22-00687CR, which was dismissed in furtherance of justice on July 27, 2022. Yet Plaintiff included state court records regarding Case 3PA-22-694CR in Case 95 at Docket 1-3 through 1-6. Further, the Court previously took judicial notice of Case 3PA-22-00694CR in Case No. 3:22-cv-00245-SLG-KFR, Docket 4 at 1–2, noting that state case was dismissed by the prosecution on November 3, 2022.

[6] *See Hampton v. Houser,* Case No. 3:22-cv-00245-SLG-KFR, Dockets 4–5 (dismissing petition for habeas corpus); *Hampton v. Scoble,* Case No. 3:23-cv-00258-SLG, Docket 3 (dismissing civil rights case with prejudice).

[7] 28 U.S.C. §§ 1915, 1915A.

Case No. 3:23-cv-00255-JMK, *Hampton v. Tom'e, et al.*
Case No. 3:24-cv-00090-JMK, *Hampton v. Cockrell, et al.*
Case No. 3:24-cv-00094-JMK, *Hampton v. Tucker, et al.*
Case No. 3:24-cv-00095-JMK, *Hampton v. Woodmen, et al.*
Notice of Intent to Dismiss
Page 2 of 14
Case 3:24-cv-00090-JMK   Document 4   Filed 05/23/24   Page 2 of 14

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[8]

During screening, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.[9] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[10] Further, a court cannot act as counsel for a self-represented litigant, such as by supplying the essential elements of a claim.[11] Although the scope of review generally is limited to the contents of the complaint, the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[12] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise

---

[8] 28 U.S.C. § 1915(e)(2)(B).

[9] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (a court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).

[10] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[11] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[12] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

Case No. 3:23-cv-00255-JMK, *Hampton v. Tom'e, et al.*
Case No. 3:24-cv-00090-JMK, *Hampton v. Cockrell, et al.*
Case No. 3:24-cv-00094-JMK, *Hampton v. Tucker, et al.*
Case No. 3:24-cv-00095-JMK, *Hampton v. Woodmen, et al.*
Notice of Intent to Dismiss
Page 3 of 14

Case 3:24-cv-00090-JMK   Document 4   Filed 05/23/24   Page 3 of 14

address the problems, unless to do so would be futile.[13]  Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[14]

## DISCUSSION

In *Hampton v. Tom'e, et al.,* Plaintiff names three Alaska State Troopers, the Chief Executive Officer of UPS, and a UPS Supervisor.[15]  Plaintiff claims that on April 26, 2022, Defendants violated his right to be free from unreasonable search and seizure.[16]  The UPS employees appear to have seized a suspicious package and turned it over to the Alaska State Troopers, which led to additional investigation and the filing of criminal charges against Plaintiff.  Plaintiff alleges Defendants violated his rights to be free from illegal search and seizure, causing his incarceration for "18 months and counting."[17]  For relief, Plaintiff seeks $1,500,000.00 in damages, another $1,500,000.00 in punitive damages, an order requiring Defendants to "provide warrants before taking action," and a declaration

---

[13] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[14] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[15] Case No. 3:23-cv-00255-JMK ("Case 255"), Docket 1.

[16] Case 255, Docket 1 at 4–5.

[17] Case 255, Docket 1 at 5.

Case No. 3:23-cv-00255-JMK, *Hampton v. Tom'e, et al.*
Case No. 3:24-cv-00090-JMK, *Hampton v. Cockrell, et al.*
Case No. 3:24-cv-00094-JMK, *Hampton v. Tucker, et al.*
Case No. 3:24-cv-00095-JMK, *Hampton v. Woodmen, et al.*
Notice of Intent to Dismiss
Page 4 of 14
Case 3:24-cv-00090-JMK   Document 4   Filed 05/23/24   Page 4 of 14

that "prohibits UPS security and Alaska State Troopers from working outside of the law."[18]

Then, in *Hampton v. Cockrell, et al.,* Plaintiff names James Cockrell, Commissioner of the Alaska Department of Public Safety, and three Alaska State Troopers.[19] Plaintiff claims Defendants subjected him to cruel and unusual punishment[20] and malicious prosecution[21] based on their alleged actions related to his arrest and ongoing prosecution.[22] For relief, Plaintiff seeks $10,000,000 in punitive damages, a public apology, and an "immediate investigation on the officers."[23]

Similarly, in *Hampton v. Tucker, et al.,* Plaintiff names U.S. Attorney Lane Tucker, Assistant U.S. Attorneys Christopher Schroeder and Ainsely McNerney, and FBI Agent Curtis Vic.[24] Plaintiff again claims his right to be free from cruel and unusual punishment was violated by Defendants for their alleged actions in his

---

[18] Case 255, Docket 1 at 10 (cleaned up).

[19] Case No. 3:24-cv-00090-JMK ("Case 90"), Docket 1.

[20] Case 90, Docket 1 at 4–5.

[21] Case 90, Docket 2 at 1.

[22] Case 90, Docket 1 at 9.

[23] Case 90, Docket 1 at 11.

[24] Case No. 3:24-cv-00094-JMK ("Case 94"), Docket 1.

Case No. 3:23-cv-00255-JMK, *Hampton v. Tom'e, et al.*
Case No. 3:24-cv-00090-JMK, *Hampton v. Cockrell, et al.*
Case No. 3:24-cv-00094-JMK, *Hampton v. Tucker, et al.*
Case No. 3:24-cv-00095-JMK, *Hampton v. Woodmen, et al.*
Notice of Intent to Dismiss
Page 5 of 14
Case 3:24-cv-00090-JMK   Document 4   Filed 05/23/24   Page 5 of 14

ongoing prosecution.[25]  For relief, Plaintiff seeks punitive damages in the amount of $10.000,000.00.[26]

Finally, in *Hampton v. Woodmen, et al.,* Plaintiff names Alaska Superior Court Judge Jonathan Woodmen, Assistant District Attorneys Kerry Corass, Katholyn Runnels, Lindsey Ingaldson, and an Alaska State Trooper.[27]  Plaintiff claims Defendants violated his due process rights and also references illegal search and seizure and other civil rights violations in the accompanying narrative.[28]  For relief, Plaintiff seeks punitive damages in the amount of $10.000,000.00.[29]

In all four cases, Plaintiff's claims are based on alleged actions by Defendants who are, or were, involved in their professional capacities in Plaintiff's arrest and subsequent criminal prosecution.  These claims can best be construed as collateral attacks on his current incarceration and challenges or defenses to his pending criminal charges.  Such claims are not properly brought in a civil rights action, and the Court has previously dismissed similar claims.  Therefore, the Court intends to dismiss all four cases.  However, such dismissals would count as

---

[25] *Id.*

[26] Case 94, Docket 1 at 7.

[27] Case No. 3:24-cv-00095-JMK ("Case 95"), Docket 1.

[28] Case 95, Docket 1 at 4–6.

[29] Case 95, Docket 1 at 11.

Case No. 3:23-cv-00255-JMK, *Hampton v. Tom'e, et al.*
Case No. 3:24-cv-00090-JMK, *Hampton v. Cockrell, et al.*
Case No. 3:24-cv-00094-JMK, *Hampton v. Tucker, et al.*
Case No. 3:24-cv-00095-JMK, *Hampton v. Woodmen, et al.*
Notice of Intent to Dismiss
Page 6 of 14
Case 3:24-cv-00090-JMK   Document 4   Filed 05/23/24   Page 6 of 14

"strikes" under the Prison Litigation Reform Act.[30] Therefore, in the interest of fundamental fairness, the Court provides Plaintiff with **30 days to voluntarily dismiss each of the above captioned-cases**, in order avoid receiving multiple strikes.[31]

## I. Requirements to State a Claim

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains enough facts that if accepted as true, "state[s] a claim to relief that is plausible on its face."[32] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[33] Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to

---

[30] *See* 28 U.S.C.A. § 1915(g) (prisoners must re prisoners receive a "strike" when a case is dismissed "as frivolous or malicious or for failure to state a claim upon which relief may be granted.").

[31] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, maliciousness, or failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).

[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[33] *Ashcroft*, 556 U.S. at 678.

Case No. 3:23-cv-00255-JMK, *Hampton v. Tom'e, et al.*
Case No. 3:24-cv-00090-JMK, *Hampton v. Cockrell, et al.*
Case No. 3:24-cv-00094-JMK, *Hampton v. Tucker, et al.*
Case No. 3:24-cv-00095-JMK, *Hampton v. Woodmen, et al.*
Notice of Intent to Dismiss
Page 7 of 14
Case 3:24-cv-00090-JMK   Document 4   Filed 05/23/24   Page 7 of 14

relief[.]"³⁴ While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.³⁵ A complaint is insufficiently pled if it offers "naked assertions devoid of further factual enhancement."³⁶ A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.³⁷

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.³⁸ To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.³⁹ To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution

---

³⁴ Fed. R. Civ. P. 8(a)(2).

³⁵ *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

³⁶ *Id.* (internal quotation marks and citation omitted).

³⁷ *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

³⁸ *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

³⁹ *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Case No. 3:23-cv-00255-JMK, *Hampton v. Tom'e, et al.*
Case No. 3:24-cv-00090-JMK, *Hampton v. Cockrell, et al.*
Case No. 3:24-cv-00094-JMK, *Hampton v. Tucker, et al.*
Case No. 3:24-cv-00095-JMK, *Hampton v. Woodmen, et al.*
Notice of Intent to Dismiss
Page 8 of 14
Case 3:24-cv-00090-JMK   Document 4   Filed 05/23/24   Page 8 of 14

or an enforceable right created by federal law.[40] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[41]

### III. Plaintiff Names Improper Defendants

Section 1983 does not provide a cause of action against federal agents acting under color of federal law.[42] Instead, claims for monetary damages against federal agents may be brought in an action under *Bivens*.[43] However, a *Bivens* claim cannot be maintained against federal agents in their official capacities.[44] Similarly, private parties, such as employees of a private shipping company, are generally not acting under color of state law.[45]

---

[40] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

[41] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[42] *Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995).

[43] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights).

[44] *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States,* 482 F.3d 1157, 1173 (9th Cir. 2007). *See also Hui v. Castaneda*, 559 U.S. 799, 807–11 (2010) (even where a *Bivens* remedy is generally available, an action under *Bivens* will be defeated if defendant is immune from suit).

[45] *Blum v. Yaretsky,* 457 U.S. 991, 1004 (1982) (a private individual's actions can only be considered state action if a "sufficiently close nexus" makes private action "treat[able] as that of the [government entity] itself.") (citation omitted). *See also Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 939 (1982) (an "[a]ction by a private party pursuant to [a] statute, without something more, [is] not sufficient to justify a characterization of that party as a 'state actor.'").

Case No. 3:23-cv-00255-JMK, *Hampton v. Tom'e, et al.*
Case No. 3:24-cv-00090-JMK, *Hampton v. Cockrell, et al.*
Case No. 3:24-cv-00094-JMK, *Hampton v. Tucker, et al.*
Case No. 3:24-cv-00095-JMK, *Hampton v. Woodmen, et al.*
Notice of Intent to Dismiss
Page 9 of 14
Case 3:24-cv-00090-JMK   Document 4   Filed 05/23/24   Page 9 of 14

Additionally, as the Court has previously informed Plaintiff, a plaintiff cannot state a claim against a judicial officer "because [a] judge is absolutely immune for judicial acts."[46] Further, prosecuting attorneys who act within the scope of their duties are immune from suits brought for damages under Section 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'"[47] This is so even if the prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent.[48] Therefore, Plaintiff's claims against the federal agent, the UPS employees, the state court judge, and all the prosecuting attorneys, must be dismissed.

## IV. Plaintiff Does Not State a Cognizable Claim

### A. Cruel and Unusual Punishment

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency."[49] However, the protections of the Eighth

---

[46] *Simmons v. Sacramento County Superior Court,* 318 F. d 1156, 1161 (9th Cir. 2003).

[47] *Burns v. Reed,* 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)).

[48] *Broam v. Bogan*, 320 F. 3d 1023, 1028–29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F. 3d 630, 637 (9th Cir. 2005).

[49] *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (internal citation omitted).

Case No. 3:23-cv-00255-JMK, *Hampton v. Tom'e, et al.*
Case No. 3:24-cv-00090-JMK, *Hampton v. Cockrell, et al.*
Case No. 3:24-cv-00094-JMK, *Hampton v. Tucker, et al.*
Case No. 3:24-cv-00095-JMK, *Hampton v. Woodmen, et al.*
Notice of Intent to Dismiss
Page 10 of 14
Case 3:24-cv-00090-JMK   Document 4   Filed 05/23/24   Page 10 of 14

Amendment are "reserved for 'those convicted of crimes' . . . ."[50] Plaintiff is not a convicted prisoner, and as such, the Eighth Amendment does not apply.

### B. Unreasonable Search and Seizure

Under the Fourth Amendment, a person has the right to be free from an unreasonable search and seizure. However, in Plaintiff's pending criminal case, the Court, for "the fourth time, [found] that a violation of the Fourth Amendment did not occur in [ ]his case."[51] Therefore, Plaintiff's claims of unreasonable search and seizure must be dismissed.

### C. Malicious Prosecution

To prove a constitutional violation for malicious prosecution under Section 1983, "a plaintiff must show that the defendants prosecuted him with malice and without probable cause, and they did so for the purpose of denying him equal protection or another specific constitutional right."[52] "[P]robable cause is an absolute defense to malicious prosecution."[53] Officers may not disregard facts that

---

[50] *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001) (quoting *Whitley*, 475 U.S. at 318); *see also Ingraham v. Wright*, 430 U.S. 651, 671–72 n.40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.").

[51] *U.S. v. Hampton,* Case No. 3:22-cr-00084-JMK-MMS, at Docket 422 at 3.

[52] *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (*quoting Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (internal brackets omitted)).

[53] *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054–55 (9th Cir. 2009).

Case No. 3:23-cv-00255-JMK, *Hampton v. Tom'e, et al.*
Case No. 3:24-cv-00090-JMK, *Hampton v. Cockrell, et al.*
Case No. 3:24-cv-00094-JMK, *Hampton v. Tucker, et al.*
Case No. 3:24-cv-00095-JMK, *Hampton v. Woodmen, et al.*
Notice of Intent to Dismiss
Page 11 of 14
Case 3:24-cv-00090-JMK   Document 4   Filed 05/23/24   Page 11 of 14

dissipate probable cause,[54] but they have no duty to investigate further or look for additional exculpatory evidence after probable cause is established.[55]

However, in accordance with the elements of the malicious prosecution tort, a Fourth Amendment claim for malicious prosecution requires a plaintiff to show a favorable termination of the underlying criminal case against him.[56] In *Heck*, a prisoner brought a civil rights action for compensatory and punitive money damages against state officials who had allegedly engaged in unconstitutional procedures in their investigation and handling of evidence.[57] Analogizing the prisoner's claim to the common-law cause of action for malicious prosecution, the court held that a plaintiff could not bring a Section 1983 action "that necessarily require[d] the plaintiff to prove the unlawfulness of his conviction or confinement."[58] To bring such an action, the plaintiff would first have to prove that the conviction or sentence was eliminated, including "by a federal court's issuance of a writ of habeas corpus."[59] The favorable termination requirement serves multiple

---

[54] *United States v. Ortiz-Hernandez*, 427 F.3d 567, 574 (9th Cir. 2005) (per curiam).

[55] *Cameron v. Craig*, 713 F.3d 1012, 1019 (9th Cir. 2013).

[56] *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004).

[57] *Heck v. Humphrey*, 512 U.S. 477, 478–79 (1994).

[58] *Id.* at 484–86.

[59] *Id.* at 486–87.

Case No. 3:23-cv-00255-JMK, *Hampton v. Tom'e, et al.*
Case No. 3:24-cv-00090-JMK, *Hampton v. Cockrell, et al.*
Case No. 3:24-cv-00094-JMK, *Hampton v. Tucker, et al.*
Case No. 3:24-cv-00095-JMK, *Hampton v. Woodmen, et al.*
Notice of Intent to Dismiss
Page 12 of 14
Case 3:24-cv-00090-JMK   Document 4   Filed 05/23/24   Page 12 of 14

purposes: (i) it avoids parallel litigation in civil and criminal proceedings over the issues of probable cause and guilt; (ii) it precludes inconsistent civil and criminal judgments where a claimant could succeed in the tort action after having been convicted in the criminal case; and (iii) it prevents civil suits from being improperly used as collateral attacks on criminal proceedings.[60] Plaintiff cannot maintain a claim of malicious prosecution while his federal criminal case is ongoing. Therefore, these claims must be dismissed.

## V. Amendment is Futile

If a federal court dismisses a complaint, then as a general rule, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[61] In making this determination, a court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment."[62] A district court may on

---

[60] *McDonough* v. *Smith*, 588 U.S. 109 (2019).

[61] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

[62] *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

Case No. 3:23-cv-00255-JMK, *Hampton v. Tom'e, et al.*
Case No. 3:24-cv-00090-JMK, *Hampton v. Cockrell, et al.*
Case No. 3:24-cv-00094-JMK, *Hampton v. Tucker, et al.*
Case No. 3:24-cv-00095-JMK, *Hampton v. Woodmen, et al.*
Notice of Intent to Dismiss
Page 13 of 14
Case 3:24-cv-00090-JMK   Document 4   Filed 05/23/24   Page 13 of 14

its own initiative dismiss a complaint prior to responsive pleadings if the complaint is frivolous.[63]

**IT IS THEREFORE ORDERED:**

1. Plaintiff has failed to state a claim upon which relief could be granted in all four of the above-captioned cases. The Court finds amendment would be futile. Therefore, the Court intends to dismiss each case.

2. Plaintiff is accorded **30 days from the date of this order** to file a notice of voluntarily dismissal in each action in order to avoid receiving a strike under 28 U.S.C. § 1915(g).

3. If Plaintiff does not file a notice of voluntary dismissal within 30 days, the Court will dismiss the action and issue a strike in each case without further notice to Plaintiff.

4. The Clerk is directed to send four copies of form PS09, Notice of Voluntary Dismissal with this order.

DATED this 23rd day of May, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[63] *Kidd v. Dep't of Corr.,* 993 F.2d 883 (9th Cir. 1993).

Case No. 3:23-cv-00255-JMK, *Hampton v. Tom'e, et al.*
Case No. 3:24-cv-00090-JMK, *Hampton v. Cockrell, et al.*
Case No. 3:24-cv-00094-JMK, *Hampton v. Tucker, et al.*
Case No. 3:24-cv-00095-JMK, *Hampton v. Woodmen, et al.*
Notice of Intent to Dismiss
Page 14 of 14
Case 3:24-cv-00090-JMK   Document 4   Filed 05/23/24   Page 14 of 14