IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TYRONE HAMPTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROL B. TOM'E, et al.,<br>JAMES COCKRELL, et al.,<br>JONATHAN WOODMEN, et al.,<br>LANE TUCKER, et al.,<br><br>　　　　　Defendants. | Case No. 3:23-cv-00255-JMK<br>Case No. 3:24-cv-00090-JMK<br>Case No. 3:24-cv-00094-JMK<br>Case No. 3:24-cv-00095-JMK |

## **ORDER OF DISMISSAL**

On May 23, 2024, the Court issued a Notice of Intent to Dismiss in the four above-captioned civil actions filed by self-represented pretrial detainee Tyrone Hampton ("Plaintiff").[1] On June 17, 2024, Plaintiff filed a "Motion for Stipulation of Dismissals" in each of the four cases.[2] The Court takes judicial notice[3] of Plaintiff's

---

[1] *See, e.g., Hampton v. Tom'e, et al.,* Case No. 3:23-cv-00255-SLG, Docket 4.

[2] *See, e.g., id.* at Docket 5.

[3] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019). *See also* Fed. R. Evid. 201 (a court can take judicial notice of its own files and records).

ongoing criminal prosecution in *USA v. Hampton,* Case No. 3:22-cr-00084-SLG-MMS-2, which is currently set for a Status Conference on September 17, 2024.[4]

To the best the Court can discern, Plaintiff has concerns about the statute of limitations and potential consequences of res judicata.[5] It appears Plaintiff is asking the Court to stay his civil cases pending the outcome of his criminal trial, so he may file amended complaints in the future.[6] He also appears to question the effect of the previous dismissal with prejudice in *Hampton v. Scoble,* Case No. 3:23-cv-00258.[7]

The motion contains citations and legal jargon that is inapplicable in federal court. Specifically, the State of Alaska's Rules of Civil Procedure do not apply to cases filed in federal court. Rather, parties must review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[8] Additionally, a "stipulation" is a voluntary agreement between opposing parties.[9] Further, "stays should not be indefinite in nature" and "should not be granted

---

[4] *USA v. Hampton,* Case No. 3:22-cr-00084-SLG-MMS-2, Docket 498.

[5] Case No. 3:23-cv-00255-SLG, Docket 5 at 4.

[6] Docket 5 at 10.

[7] *Hampton v. Tom'e, et al.,* Case No. 3:23-cv-00255-SLG, Docket 5 at 7.

[8] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[9] *See* STIPULATION, Black's Law Dictionary (12th ed. 2024).

Case No. 3:23-cv-00255-JMK, *Hampton v. Tom'e, et al.*
Case No. 3:24-cv-00090-JMK, *Hampton v. Cockrell, et al.*
Case No. 3:24-cv-00094-JMK, *Hampton v. Tucker, et al.*
Case No. 3:24-cv-00095-JMK, *Hampton v. Woodmen, et al.*
Order of Dismissal
Page 2 of 5
Case 3:24-cv-00090-SLG   Document 7   Filed 08/02/24   Page 2 of 5

unless it appears likely the other proceedings will be concluded within a reasonable time."[10] The Court does not find a stay to be appropriate in these cases. Therefore, the motion is DENIED in each of the four cases; the Court will not stay these civil cases. However, the Court will address Plaintiff's concerns regarding his ability to file future cases.

In the four above-captioned civil cases, the Court informed Plaintiff that it intended to dismiss each action because: (1) Plaintiff named defendants who are immune from suit, (2) Plaintiff may not bring claims under the Eighth Amendment as a pretrial detainee; and (3) Plaintiff's remaining claims require a favorable termination of the underlying criminal case against him.[11]

If an allegedly unlawful search and seizure resulted in criminal charges based on the evidence seized, a plaintiff is barred from bringing such claims until he is able to show his prosecution was terminated in his favor.[12] Similarly, a claim for malicious prosecution is not cognizable until the resulting criminal charges have

---

[10] *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citations omitted).

[11] *Thompson v. Clark,* 596 U.S. 36 (2022).

[12] *Harvey v. Waldron*, 210 F.3d 1008, 1015-16 (9th Cir. 2000), *overruled in part on other grounds by Wallace,* 549 U.S. at 393–94 (claim that gaming devices had been unlawfully searched for and seized under Fourth Amendment barred by Heck until charges for illegal possession of gaming devices were dismissed); *see also Whitaker v. Garcetti,* 486 F.3d 572, 581, 583-84 (9th Cir. 2007) (plaintiffs convicted of underlying criminal charges were barred from challenging search and seizure of evidence resulting from defendants' use of wiretaps, however individual plaintiff's claims were not barred where he was never charged with a crime or convicted).

Case No. 3:23-cv-00255-JMK, *Hampton v. Tom'e, et al.*
Case No. 3:24-cv-00090-JMK, *Hampton v. Cockrell, et al.*
Case No. 3:24-cv-00094-JMK, *Hampton v. Tucker, et al.*
Case No. 3:24-cv-00095-JMK, *Hampton v. Woodmen, et al.*
Order of Dismissal
Page 3 of 5

been dismissed or the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.[13] Until such time, a litigant may not pursue his claims in a federal civil rights action. Because these claims require "termination of the ... proceeding in favor of the accused[,]" the statute of limitations does not begin to run until that favorable termination takes place.[14] Therefore, Plaintiff's claims challenging the legality of the search and seizure that led to his current criminal charges and claims malicious prosecution are DISMISSED without prejudice.

However, in any future case, Plaintiff must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. Specifically, *Hampton v. Scoble,* Case No. 3:23-cv-00258 was dismissed with prejudice because a plaintiff cannot maintain a suit against a magistrate judge based on actions performed by the judge in his judicial capacity.[15] Therefore, Plaintiff may

---

[13] *Thompson v. Clark,* 596 U.S. 36, 44 (2022) ("In accord with the elements of the malicious prosecution tort, a Fourth Amendment claim under § 1983 for malicious prosecution requires the plaintiff to show a favorable termination of the underlying criminal case against him.").

[14] *Heck,* 512 U.S., at 484, 489.

[15] *Hampton v. Scoble,* Case No. 3:23-cv-00258-SLG, Docket 3.

Case No. 3:23-cv-00255-JMK, *Hampton v. Tom'e, et al.*
Case No. 3:24-cv-00090-JMK, *Hampton v. Cockrell, et al.*
Case No. 3:24-cv-00094-JMK, *Hampton v. Tucker, et al.*
Case No. 3:24-cv-00095-JMK, *Hampton v. Woodmen, et al.*
Order of Dismissal
Page 4 of 5
Case 3:24-cv-00090-SLG   Document 7   Filed 08/02/24   Page 4 of 5

not name Magistrate Judge Scoble in any future cases.[16] Similarly, Plaintiff may not name rename any defendants who are immune from suit, such as Alaska Superior Court Judge Jonathan Woodmen; U.S. Attorney Lane Tucker; Assistant U.S. Attorneys Christopher Schroeder and Ainsely McNerney; and Assistant District Attorneys Kerry Corass, Katholyn Runnels, and Lindsey Ingaldson. Further, Plaintiff may not bring cruel and unusual punishment claims under the Eighth Amendment as a pretrial detainee. Plaintiff should refer to the Court's earlier screening orders before filing any future cases.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motion for stipulation at **Docket 5 is DENIED.**

2. Each of these cases is **DISMISSED without prejudice.**

3. All pending motions are **DENIED as moot.**

4. The Clerk shall issue a final judgment in each case accordingly.

DATED this 2nd day of August 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[16] Under the doctrine of *res judicata*, also known as claim preclusion, a party cannot relitigate a claim that was previously decided. *Res judicata* applies when "the earlier suit ... (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002).

Case No. 3:23-cv-00255-JMK, *Hampton v. Tom'e, et al.*
Case No. 3:24-cv-00090-JMK, *Hampton v. Cockrell, et al.*
Case No. 3:24-cv-00094-JMK, *Hampton v. Tucker, et al.*
Case No. 3:24-cv-00095-JMK, *Hampton v. Woodmen, et al.*
Order of Dismissal
Page 5 of 5
Case 3:24-cv-00090-SLG   Document 7   Filed 08/02/24   Page 5 of 5